UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ELLIOTT ROMAN, III,<br><br>                                    Plaintiff,<br><br>v.<br><br>U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA, et. al.,<br><br>                                    Defendants. | Case No.: 20-CV-00760 JLS (WVG)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND (2) DISMISSING COMPLAINT**<br><br>(ECF No. 2) |

Presently before the Court is Plaintiff Jason Elliott Roman III's Motion to Proceed *In Forma Pauperis* ("IFP") ("Mot.," ECF No. 2). Plaintiff, proceeding pro se, filed a Complaint alleging that he was falsely convicted of murder in San Diego County. *See* ECF No. 1 ("Compl.") at 8–10, 15. Plaintiff appears to request that Defendants provide him with court records that will exonerate him. *See* Compl. at 15, 21. The Court addresses the Motion and the sufficiency of the Complaint below.

**I.      Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A

federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that the party is unable to pay the required filing fee.  28 U.S.C. § 1915(a).

Plaintiff's motion to proceed IFP indicates that his average monthly income over the past year was $1,200, that he is currently unemployed, and that he has $150 in his bank account.  Mot. at 1–2.  Plaintiff owns an automobile worth approximately $2,000, which is currently in repossession.  *Id.* at 2.  Plaintiff's monthly expenses total $1,030.  *Id.*  Plaintiff indicates that he has a fourteen-year-old son who is dependent on him for support.  *Id.*  Based on these facts, the Court concludes that Plaintiff is unable to pay the requisite fees and costs.  Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

**II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)**

Notwithstanding IFP status, the Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief."  28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoner."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

The Court finds that Plaintiff's Complaint is frivolous.  A complaint is frivolous when "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 25-26 (1992).  "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  To determine whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations," *id.* at 327, to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional.'"  *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 328).

Plaintiff's Complaint is difficult to follow. Plaintiff seems to allege that he was wrongfully convicted of murder in a California state court. *See* Compl. ¶¶ 9–10, 15. Plaintiff, however, fails to connect this alleged wrongful conviction with any action of the Defendants. Instead, Plaintiff spends most of the Complaint discussing his grievances with other parties. *See, e.g.*, *id.* ¶ 10 ("It was the worst Criminal Trial in the History of San Diego County."); *id.* ¶ 12 ("Petitioner lived in fear for his safety because he was beaten by San Diego County Sheriff's Officers and choked out 3 or 4 times a week."); *id.* ¶ 14 ("Judge Smyth put nothing but incorrect facts in his Order."); *id.* ¶ 15 ("[W]hy after 40 years is the State of California, County of San Diego trying to cover up the conviction of an Innocent Man?"); *id.* ¶ 20 ("Attorney Alex Landin was nothing more than a pot head who told the Petitioner that if he ever challenged his Conviction that the Petitioner would be murdered."). While Plaintiff may be able to bring causes of action against other parties, Plaintiff "lacks an arguable basis" for bringing these pleadings before the Defendants in this case. Based on the foregoing, the Court finds that Plaintiff's Complaint is frivolous.

The Court also finds that Plaintiff's Complaint fails to state a plausible claim. All complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To state a cognizable claim, the plaintiff must make sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

Here, the Complaint states that "Petitioner is entitled to his Records as the 14th Amendment . . . Due Process Clause would demand." Compl. at 4. The Fourteenth Amendment applies to actions by states, not actions by federal government actors. *See Hall v. Mueller*, 84 Fed. Appx. 814, 815-816 (9th Cir. 2003) (citing *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997)). Here, both Defendants are federal entities, so Plaintiff cannot bring a Fourteenth Amendment cause of action.

///

Plaintiff does not otherwise direct any grievances at the Defendants.  The only direct mention of the Defendants in the Complaint is when Plaintiff states that, during a hearing at the U.S. District Court for the Southern District of California, Judge Turrentine "stated on the Record that the Petitioner was taken unlawfully from the State of Georgia," but also stated that he could not "set [Plaintiff] free."  Compl. ¶ 8.  Plaintiff fails to connect this statement with any particular cause of action against the Defendants.  Based on this statement alone, the Court is unable to make any reasonable inference that Plaintiff is entitled to relief from the Defendants.

### III. Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed IFP, (ECF No. 2) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) for filing a frivolous complaint and for failing to state a claim upon which relief can be granted.  Plaintiff **MAY FILE** an amended complaint, if any, within <u>30 days from the date this Order is electronically docketed</u>.  Failure to file within the time allotted may result in the dismissal of this action in its entirety.

**IT IS SO ORDERED.**

Dated: June 2, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge