1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ELLIOTT ROMAN, III, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA, et. al., <br><br> Defendants. | Case No.: 20-CV-00760 JLS (WVG) <br><br> **ORDER DISMISSING FIRST AMENDED COMPLAINT** |

Presently before the Court is Plaintiff Jason Elliott Roman III's First Amended Complaint ("FAC," ECF No. 7). The Court previously granted Plaintiff *In Forma Pauperis* ("IFP") status and, after conducting the required screening under 28 U.S.C. § 1915(a), dismissed his original complaint. (ECF No. 5.) On July 8, 2020, Plaintiff, filed his FAC and a Motion to Produce Documents (ECF No. 8). For the reasons set forth below, the Court **DISMISSES** Plaintiff's FAC.

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoner."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e)

1

"not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

Plaintiff's FAC is nearly identical to his original complaint, which the Court found to be frivolous and failed to state a claim. *See* ECF No. 5. In his FAC, Plaintiff contends that in 1974 he was illegally brought to California from Georgia and wrongfully convicted of Murder. *See generally* FAC. Plaintiff brings claims against the United States District Court for the Southern District of California Clerk's Office under 42 U.S.C. §§ 1981, 1985, and 1986. *Id.* ¶ 1. Plaintiff requests the Court provide him transcripts from a 1974 hearing that Plaintiff contends will establish he was "unlawfully abducted and taken from the State of Georgia," and also show he was wrongfully convicted. *Id.* ¶¶ 2, 8–9, 17.

When it dismissed Plaintiff's original complaint, the Court noted Plaintiff failed "to connect [his] alleged wrongful conviction with any action of the Defendants," and focused instead on "discussing his grievances with other parties." ECF No. 5 at 3. Plaintiff once again fails to connect his grievances to what, if any, role the Clerk's office had in his alleged abduction and wrongful conviction, or that the Clerk's office is able to, yet refused to give Plaintiff the requested transcript. Plaintiff therefore "lacks an arguable basis" for bringing his claims. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."). And, further, Plaintiff's FAC does not provide sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). For these reasons, the Court finds Plaintiff's FAC is frivolous and fails to state a plausible claim.

Based on the foregoing, the Court **DISMISSES** Plaintiff's FAC pursuant to 28 U.S.C. § 1915(e)(2) for filing a frivolous complaint and for failing to state a claim upon which relief can be granted. Because the Court finds Plaintiff's FAC is frivolous, and because the Court previously gave Plaintiff an opportunity to correct the noted deficiencies, the Court declines to grant leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8

(9th Cir. 2000) (en banc) (noting that if a claim is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend."). The Court **CERTIFIES** that an IFP appeal from this Order would be frivolous and, therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).  *See Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).  The Clerk of Court **SHALL CLOSE** the file.

   **IT IS SO ORDERED.**

Dated:  August 18, 2020

Hon. Janis L. Sammartino
United States District Judge

20-cv-00760-JLS (WVG)