UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ELLIOTT ROMAN, III,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA, et. al.,<br><br>Defendants. | Case No.: 20-CV-00760 JLS (WVG)<br><br>**ORDER (1) DENYING MOTION FOR MANIFEST INJUSTICE AND (2) DENYING MOTION TO DISMISS CRIMINAL CHARGES**<br><br>(ECF Nos. 12, 14) |

Presently before the Court is Plaintiff Jason Elliott Roman, III's Motion for Manifest Injustice ("Mot.," ECF No. 12) and Motion to Dismiss All Criminal Charges and Conviction of the Plaintiff ("2d Mot.," ECF No. 14). The Court construes these motions as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). For the reasons stated below, Plaintiff's Motions are **DENIED**.

## BACKGROUND

Plaintiff Jason Elliott Roman, III, proceeding *pro se*, initiated this action under 42 U.S.C. §§ 1981, 1985, and 1986 on April 21, 2020. *See* ECF No. 1. Plaintiff filed a first amended complaint against the United States District Court for the Southern District of California and the Southern District of California Clerk's Office on July 8, 2020. *See generally* ECF No. 6 ("FAC"). Plaintiff requested that Defendants provide him with court

records that he claims will exonerate him of a murder conviction from more than forty years ago. *See id.* ¶¶ 8, 17. Plaintiff requested Defendants provide him transcripts from a 1974 hearing that Plaintiff contends would establish he was "unlawfully abducted and taken from the State of Georgia" and also wrongfully convicted. *Id.* ¶¶ 2, 8–9, 17.

The Court granted Plaintiff *In Forma Pauperis* ("IFP") status and, after conducting the required screening under 28 U.S.C. § 1915(a), dismissed his original and first amended complaints as frivolous and for failure to state a claim upon which relief can be granted. ECF Nos. 5, 9. When the Court dismissed Plaintiff's first amended complaint, the Court noted that Plaintiff failed to connect his grievances to what, if any, role the District Court and the Clerk's office had in his alleged abduction and wrongful conviction. ECF No. 9 at 2. Further, Plaintiff failed to allege that Defendants are able to, yet refused to, give Plaintiff the requested documents. *Id.* The Court found Plaintiff therefore "lacks an arguable basis" for bringing his claims. *Id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact.")). Further, the Court found Plaintiff's FAC did not provide sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). After Plaintiff failed to remedy the deficiencies in his original complaint in his first amended complaint, Court declined to grant leave to amend. *Id.*

Plaintiff filed the present Motions on January 22, 2021, requesting the Court "set the Plaintiff free from all Criminal charges in the State of California," Mot. at 16, and "dismiss the homicide case against him for lack of evidence and for bringing the Plaintiff across State Lines without any governor's Warrant and while there was an Appeal Pending in Federal and State Courts in Atlanta, GA." 2d Mot. at 6.

///
///
///
///

# LEGAL STANDARD[1]

Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief.  Fed. R. Civ. P. 60(b).  Rule 60(b)(6) is "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'"  *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)).  Accordingly, a party who moves for such relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion."  *Community Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

A motion under Rule 60(b)(6) "must be made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  Although the timeliness of a Rule 60(b)(6) motion "depends on the facts of each case," relief may not be had where "the party seeking reconsideration has ignored normal legal recourses."  *In re Pac. Far East Lines, Inc.*, 889 F.2d 242, 249, 250 (9th Cir. 1989) (holding relief appropriate where new legislation undermined the soundness of the judgment); *United States v. Holtzman*, 762 F.2d 720 (9th Cir.1985) (holding five-year delay permissible where litigant reasonably interpreted an injunction to authorize litigant's conduct and timely relief was sought upon receipt of notice to the contrary).

# ANALYSIS

In an echo of his dismissed complaints, Plaintiff claims in the present Motions that he was extradited to California from the state of Georgia sometime in the mid-1970s to

---

[1] Plaintiff cites to authority regarding Federal Rule of Civil Procedure 16, *see* Mot. at 3; however, Rule 16 states "[t]he court may modify the [scheduling] order issued after a final pretrial conference only to prevent manifest injustice."  Fed. R. Civ. Pro. 16(e).  Because there is no scheduling or pretrial order in this case, the Court construes Plaintiff's Motions as being made pursuant to Rule 60.

face charges in San Diego County. *See* Mot. at 1–3; 2d Mot. at 1–3. While Plaintiff indicates, somewhat vaguely, that he was ultimately convicted of murder, he does not provide any information as to whether he is still serving a sentence pursuant to that conviction in any capacity or whether it was a state or federal conviction. *See generally* Mot.; 2d Mot. Plaintiff requests this Court "dismiss the homicide case against him" because he was "unlawfully removed from the State of Georgia and . . . there was never ever, ever, ever one scintilla of evidence against the Plaintiff to support the crime of Murder." Mot. at 2–3, 6.

Plaintiff has failed to remedy the deficiencies that the Court previously identified in Plaintiff's complaint and first amended complaint. *See* ECF Nos. 5, 9. Plaintiff does not direct any cognizable grievances at Defendants. Plaintiff spends most of the Motions discussing his grievances with other parties. *See, e.g.*, Mot. ¶ 49 ("The Plaintiff was beaten and/or choked out at least 2 to 3 times a month by San Diego County sheriff's deputies."); *id.* ¶ 34 ("To this date, the State of California is covering up a crime against an innocent man."); *id.* ¶ 27 ("Attorney, Alex Landin, who was not a level IV Attorney, had absolutely no business representing the Plaintiff in a homicide Case."). The Court reiterates that while Plaintiff may be able to bring causes of action against other parties if those claims are within the statute of limitations, Plaintiff "lacks an arguable basis" for bringing these pleadings before the Defendants in this case.

The only direct mention of the Defendants in the Motions is when Plaintiff states that, during a hearing at the U.S. District Court for the Southern District of California, Judge Turrentine "stated that the Plaintiff was brought from the State of Georgia to the State of California illegally." Mot. ¶ 5. Plaintiff states that he "has since asked this Court for a copy of those Records and this Court has failed to produce a copy of those Records which will prove that everything the Plaintiff has stated herein is true and correct." 2d Mot. ¶ 10. Plaintiff continues to fail to allege that Defendants are in possession of the records he seeks, which are more than forty years old, or that Defendants refused Plaintiff access to the aforementioned documents. The U.S. District Court for the Southern District

of California has a procedure through which civil and criminal case transcripts may be ordered. The Court directs Plaintiff to the transcript order form located at https://www.casd.uscourts.gov/_assets/pdf/attorney/Transcript%20Order%20Form.pdf (last retrieved Apr. 1, 2021). Based on the allegations in the Motions, the Court is unable to make any reasonable inference that Plaintiff is entitled to relief from Defendants. Furthermore, Plaintiff's Motions do not demonstrate "extraordinary circumstances" necessary to warrant reconsideration of the previous dismissal.

As to Plaintiff's request that his criminal conviction be dismissed, Plaintiff's request is better suited for a federal habeas corpus petition if Plaintiff can adequately allege that he is in custody after suffering a state court conviction or sentence that violates the Constitution of the United States. Section 2254 of title 28 of the United States Code sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a); *see also Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). To present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). If Plaintiff meets these requirements, he may file a habeas petition pursuant to § 2254; however, the Court is incapable of granting the requested relief on the record and Motions presently before it.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Manifest Injustice

///

///

(ECF No. 12) and Motion to Dismiss All Criminal Charges and Conviction of the Plaintiff (ECF No. 14).

**IT IS SO ORDERED.**

Dated: April 5, 2021

Hon. Janis L. Sammartino
United States District Judge